UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CANNON,

        Plaintiff,                             Civil Case No. 13-11577

vs.                                             HON. MARK A. GOLDSMITH

HOME SOURCE DETROIT, et al.,

        Defendants
_____/

**ORDER DISMISSING
PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**

      This matter is presently before the Court on the Court's own review of the complaint (Dkt. 1), which was filed on April 8, 2013.  The gist of Plaintiff's complaint is that Defendant Home Service Detroit has fraudulently obtained title to property of the estate of Plaintiff's father.  Plaintiff alleges that Defendants are illegally trying to evict him from his father's home where he is "lawfully residing."  The complaint contains four counts: fraudulent misrepresentation, civil extortion, discrimination and unfair housing practices, and violation of Executive Order 11246.  Plaintiff alleges federal question jurisdiction and the Court construes the complaint as alleging such jurisdiction, as Plaintiff cites 42 U.S.C. §§ 3604(b) and 3605 and the Executive Order, with pendent jurisdiction over the state law claims.  Plaintiff also alleges that the lawsuit is brought under the "Civil Rights Act of 1968 Chapter VII," but fails to reference a civil rights statute or scheme again in the 17-page complaint.  Compl. ¶ 7.

      As a federal court, this Court has limited jurisdiction and Plaintiff "bears the burden of establishing jurisdiction."  <u>United States v. Horizon Healthcare</u>, 160 F.3d 326, 329 (6th Cir.

1998). Even when subject-matter jurisdiction is not raised by the parties, the Court may raise the issue itself. Norris v. Schotten, 146 F.3d 314, 324 n.5 (6th Cir. 1998). Plaintiff has not met his burden of establishing subject-matter jurisdiction involving a federal question.

The federal statutes Plaintiff cites prohibit discrimination on the basis of race in the sale or rental of housing and other "residential real estate-related transactions." 42 U.S.C. §§ 3604, 3605. A residential real estate-related transaction is "the making or purchasing of loans or providing other financial assistance" or the "selling, brokering, or appraising of residential real property." Id. § 3605(b)(1)-(2). However, none of the facts Plaintiff pleads for discrimination relates to the buying, selling, renting of real estate or any residential real estate-related transaction. Rather, the conduct Plaintiff alleges are that Defendants discriminate against black citizens in Detroit by (1) targeting them for fraud; (2) reporting only "the black community and neighborhoods in the city of Detroit" to utilities companies; (3) making complaints to the police; and (4) ignoring orders of Wayne County Circuit Court regarding the estate of Plaintiff's father. Compl. ¶¶ 38-58.

Furthermore, the executive order Plaintiff cites articulates policy for the federal government and does not create a cause of action for Plaintiff. Without subject-matter jurisdiction, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims. 28 U.S.C. § 1367(c)(3).

Accordingly, the Court dismisses Plaintiff's complaint (Dkt. 1) for lack of subject-matter jurisdiction with leave to amend. Plaintiff is granted leave to file an amended complaint that cures his pleading deficiencies by April 23, 2013. Failure to file timely an amended complaint will result in the dismissal of this action being deemed a dismissal with prejudice.

SO ORDERED.

Dated:  April 9, 2013  	s/Mark A. Goldsmith
   Flint, Michigan	MARK A. GOLDSMITH
	United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 9, 2013.

	s/Deborah J. Goltz
	DEBORAH J. GOLTZ
	Case Manager