UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CANNON,

        Plaintiff,                                   Civil Case No. 13-11577

vs.                                            HON. MARK A. GOLDSMITH

HOME SOURCE DETROIT, et al.,

        Defendants.
_____/

**OPINION AND ORDER
(1) ADOPTING THE REPORT AND RECOMMENDATION ISSUED JULY 24, 2013
(Dkt. 19), (2) GRANTING DEFENDANTS' MOTION TO DISMISS (Dkt. 9), (3)
OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 20), (4) DENYING PLAINTIFF'S
MOTION FOR INJUNCTIVE RELIEF (Dkt. 5), and (5) DISMISSING THE CASE**

**I. INTRODUCTION**

Plaintiff Ronald Cannon, proceeding pro se, alleges that Defendants Home Service Detroit has fraudulently obtained title to property of the estate of Plaintiff's father. Plaintiff alleges that Defendants are illegally trying to evict him from his father's home where he is "lawfully residing" and asserts claims for fraudulent misrepresentation, civil extortion, discrimination and unfair housing practices. See Am. Compl. (Dkt. 4).

After the matter was referred to Magistrate Judge Paul J. Komives for all pretrial proceedings, Defendants filed a motion to dismiss (Dkt. 9). Magistrate Judge Komives issued a report and recommendation (R&R, Dkt. 19), recommending that Defendant's motion be granted and the case dismissed. Plaintiff filed objections to the R&R, Pl.'s Objs. (Dkt. 20), to which Defendants have filed a response. Defs.' Resp. (Dkt. 21). The Court reviews de novo those

portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons that follow, the Court will accept the recommendation in the R&R, grant Defendant's motion, and overrule Plaintiff's objections.

## II. ANALYSIS

Plaintiff advances three objections. The Court addresses each of Plaintiff's objections in turn.

### A. First Objection

In his first objection, Plaintiff argues that the R&R "erroneously states" that Plaintiff's claim arises from Defendants' attempts to force him to purchase or vacate the property of which he is in possession. Pl.'s Objs. at 2. Plaintiff points to his amended complaint and argues that his allegation states that he resides in the home because it "belongs to the estate" of Plaintiff's father. Id. Plaintiff's objection lacks merit.

Upon de novo review, Plaintiff alleges in Count I that the home in which he resides belongs to the estate of his father. Am. Compl. ¶ 10. A few paragraphs later, within the same count, Plaintiff alleges that Defendants sent him "a letter stating that if Plaintiff has not contacted the office of Home Source Detroit by February 21, 2013, that he has until March 13, 2013 to vacate the property, or sign a month to month lease and pay $400 per month until Plaintiff finds another place." Am. Compl. ¶ 14. Additionally, Plaintiff attached a copy of the letter he alleges Defendants sent to him with their demands at the address of the property. Id. at Ex. A. The R&R's characterization that Plaintiff possesses the property, notwithstanding who owns the property, was accurate.

Accordingly, the Court overrules Plaintiff's first objection.

### B. Plaintiff's Second Objection

In Plaintiff's second objection, Plaintiff argues that the R&R contains a "palpable error" by stating that "'Plaintiff claims that the property rightly belongs to him.'" Pl.'s Objs. at 2 (quoting R&R at 2). Plaintiff directs the Court to paragraphs in his complaint that indicate that probate court proceedings have occurred regarding the property and that Plaintiff may be able to quiet title in the property. Id. (citing Am. Compl. ¶¶ 12, 30).

Upon de novo review, Plaintiff's objection lacks merit. First, it is unclear to the Court what precisely Plaintiff is objecting to; Plaintiff states that the R&R contains a "palpable defect" but fails to develop his argument. This alone provides a sufficient basis to overrule his objection. See Rivet v. State Farm Mut. Auto. Ins. Co., 316 F. App'x 440, 449 (6th Cir. 2009) (refusing to address "arguments that . . . are unsupported or undeveloped."). Second, assuming that Plaintiff takes issue with the R&R's factual characterization of Plaintiff's complaint, the Court finds no such "defect." Plaintiff quoted selectively from the R&R, which stated in full that "Plaintiff claims that the property rightly belongs to him, is the subject of ongoing state court probate proceedings, and that defendants know or should know that Home Source's title is clouded." R&R at 2. This line in the R&R accurately summarizes Plaintiff's amended complaint, wherein he alleges that he notified Defendants that "title was clouded due to a civil case arising from a probate matter objecting to the conservatorship over the estate of the real property" at issue in this case. Am. Compl. ¶ 11.

Accordingly, the Court overrules Plaintiff's second objection.

### C. Plaintiff's Third Objection

In Plaintiff's third objection, Plaintiff argues that his amended complaint has met the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Pl.'s Objs. at 3-5.

Specifically, Plaintiff argues that he adequately met the pleading standards for his claim of negligent misrepresentation. Id. at 4.

The Court overrules this objection, but does not reach the issue of whether Plaintiff's amended complaint adequately pleads negligent misrepresentation because the R&R recommended dismissal on the grounds that Plaintiff failed to state a claim under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601, et seq., the linchpin for jurisdiction in this case. R&R at 5-10. Plaintiff failed to object to this portion of the R&R. Furthermore, Plaintiff failed to object to the recommendation in the R&R that the Court decline supplemental jurisdiction over Plaintiff's state-law claims and motion for injunctive relief. Id. at 10-15. Plaintiff has waived further right to appeal over these portions of the R&R. See Thomas v. Arn, 474 U.S. 140, 148 (1985) (explaining that "the same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here.") (quotation marks and brackets omitted); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard.").

Because Plaintiff failed to raise any objection to the R&R's recommendation that the amended complaint failed to state a claim under the FHA and that the Court should decline supplemental jurisdiction over the state-law claims, Plaintiff has waived any such objection to the R&R. Furthermore, this Court has reviewed these portions of the R&R for clear error. See

4

Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). On the face of the record, the Court finds no clear error and adopts the recommendation.

Accordingly, the Court overrules Plaintiff's third objection.

### III. CONCLUSION

For the reasons set forth above, the Court overrules Plaintiff's objections (Dkt. 20), grants Defendant's motion to dismiss (Dkt. 9), declines to extend supplemental jurisdiction over Plaintiff's state-law claims for fraudulent misrepresentation and civil extortion, and denies Plaintiff's motion for injunctive relief (Dkt. 5).

SO ORDERED.

Dated: November 21, 2013       s/Mark A. Goldsmith
    Flint, Michigan      MARK A. GOLDSMITH
         United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 21, 2013.

     s/Deborah J. Goltz
     DEBORAH J. GOLTZ
     Case Manager